# CASE

# SUPREME JUDICIAL COURT,

## COUNTIES OF WASHINGTON AND AROOSTOOK,

### ARGUED AT JULY TERM, 1845.

## ABNER SAWYER *versus* CLAUDIUS M. HUFF.

In an action of replevin where *non cepit* only is pleaded, the right of property is not put in issue; and it is but necessary, that the plaintiff should prove, that the defendant was in possession of the property, at the place named, when the suit was commenced. And without such proof the action cannot be maintained.

Where a nonsuit was entered by consent, to be taken off if the evidence was sufficient to maintain the issue, the question for consideration is not, whether there was testimony which might have had a tendency to maintain the action, but whether the testimony was sufficient to authorize a jury to find the issue for the plaintiff.

REPLEVIN " of a quantity of meadow hay lying on the heath in Alexander." *Non cepit* was pleaded. At the trial before WHITMAN C. J. the plaintiff introduced all his evidence, which is given in the report of the case, and thereupon a non-suit was entered by consent; to be taken off, if the evidence was sufficient to maintain the issue on the part of the plaintiff; otherwise it was to stand.

What was proved by the evidence is stated in the opinion of the Court.

Written arguments were furnished to the Court on March 22, 1846.

*J. Granger*, for the plaintiff, said that the plea in this case admitted the property of the hay to have been in the plaintiff; and that there was but a single question for the consideration of the Court, namely, whether there was any evidence presented in the report tending to prove, that the defendant took the hay.

He referred to the testimony of the witnesses, and contended, that there was not only evidence having a tendency to prove the taking by the defendant, to go to the jury, but sufficient to justify them in returning a verdict for the plaintiff.

*J. & B. Bradbury*, for the defendant, said that this was simply a question of fact under the plea of *non cepit*, whether the taking of the hay by the defendant, as alleged in the writ, had been proved. To sustain the issue on his part, the plaintiff must prove, either an unlawful taking by the defendant, or an unlawful detention at the place set forth in the writ.

They examined the testimony, and contended that the plaintiff had failed to show either the one or the other.

The opinion of the Court was afterwards drawn up by

SHEPLEY J. — This is an action of replevin, to which the defendant has pleaded *non cepit*. The right of property is not put in issue by such a plea. It is only necessary, that the plaintiff should prove, that the defendant was in possession of the property at the place alleged, when the suit was commenced. Without such proof the action cannot be maintained. A nonsuit was entered by consent. The question for consideration is not, as contended, whether there be any testimony, which might have a tendency to maintain the action; but whether the testimony be sufficient to authorize a jury to find the issue for the plaintiff.

The property replevied was meadow hay "lying on the heath in Alexander." It appears to have been in the possession of Elisha Stephenson and others on the meadow, where it grew, in the month of November, 1842.

Patrick McGraw, called by the plaintiff, testified, that the defendant, John Gooch and several other persons, removed the

hay from the meadow, nine loads of it to the heath, and three loads to the residence of Gooch. That this was done nine days before Christmas. John C. Bohanan was introduced by the defendant to explain his conduct in the removal of it. He testified, that a writ of replevin for the hay upon the meadow in favor of John Gooch against Elisha Stephenson and others, was put into his hands for service in the month of November, and that the defendant was acting under his authority as an officer in assisting others in the removal of the hay as stated by McGraw. To avoid the effect of this testimony, Jesse Stephenson was called by the plaintiff, and testified, that Bohanan left a copy of that writ at his house on the first day of December, and said that he had completed the service of it the day before except leaving the copy. The inference is, that the officer could not have been conducting legally in the removal of the hay, after the service had been completed, and nine days only before Christmas. If there be no error in their statements respecting the time, the fact would remain uncontradicted, that the defendant was employed by another person to assist in the removal of the hay; and if the removal was not authorized by the writ of replevin, the defendant would not continue in possession of the hay after it had been left upon the heath. It would remain there in the possession of John Gooch, or the person, who had employed the defendant to assist him to remove it. Bohanan further states, that the defendant informed him soon after it had been thus removed, that he had purchased it of Gooch. The defendant appears to have sued out a writ of replevin for the hay against the plaintiff, on the nineteenth of December, and to have placed it in the hands of Bohanan for service, who says, that he had the hay in his possession by virtue of that writ during the next day, while the present writ of replevin for the same hay in favor of the plaintiff, against the defendant, was sued out and served.

It does not appear, that the defendant was the owner or in possession of the land, upon which the hay had been deposited; or that it had been delivered to him by Gooch or any

other person; or that he had intermeddled with it, except by assisting to remove it for another, until after the service of the writ in this case was completed. And although he stated, that he had bought it, and that he was the owner of it, instead of claiming to be in possession of it, he admitted the possession to be in the plaintiff by suing out a writ of replevin to obtain possession from him. On the day after this writ was served, he appears to have taken possession of a part of it by virtue of his writ of replevin against the plaintiff; and for that part he will be accountable in that suit.

*Nonsuit confirmed.*